**ROLEX EMPLOYEES RETIREMENT TRUST, Philip Schmidt, Trustee, on behalf of itself and all others similarly situated, Plaintiff,**

v.

**MENTOR GRAPHICS CORPORATION, Thomas H. Bruggere, Gerald H. Langeler, David C. Moffenbeier, Brian C. Henry and Marvin S. Wolfson, Defendants.**

**Scott J. MORELAND, on behalf of himself and all others similarly situated, Plaintiff,**

v.

**MENTOR GRAPHICS CORPORATION, Thomas H. Bruggere, Gerald H. Langeler, David C. Moffenbeier, Brian C. Henry and Marvin S. Wolfson, Defendants.**

**Civ. Nos. 90–726–FR, 90–931–FR.**

United States District Court,
D. Oregon.

May 23, 1991.

Gary I. Grenley, Michael C. Zusman, Grenley, Rotenberg, Laskowski, Evans & Bragg, P.C., Portland, Or., Max W. Berger, Joel R. Laitman, Bernstein Litowitz Berger & Grossmann, New York City, for plaintiff.

Barnes H. Ellis, Lois O. Rosenbaum, Anton U. Pardini, Stoel Rives Boley Jones & Grey, Portland, Or., for defendants.

## OPINION

FRYE, Judge:

The matters before the court are:

1) the motion of plaintiff, Rolex Employees Retirement Trust (Rolex), Philip Schmidt, Trustee, for an order certifying this action as a class action (# 21); and

2) the motion of plaintiff, Scott J. Moreland, for an order certifying this action as a class action (# 22).

In each case, the plaintiff alleges that defendants, Mentor Graphics Corporation (Mentor Graphics), Thomas H. Bruggere, Gerald H. Langeler, David C. Moffenbeier, Brian C. Henry and Marvin S. Wolfson, disseminated to the public materially misleading information concerning the financial condition and projected revenues of Mentor Graphics, and that the plaintiffs relied on this information to their detriment in purchasing common stock in Mentor Graphics.

## BACKGROUND

Plaintiffs seek to have these actions certified as class actions pursuant to Fed.R. Civ.P. 23 on behalf of all persons who purchased common stock in Mentor Graphics during the period April 20, 1990 through July 2, 1990, inclusive (the class period), and who suffered damages as a result.[1]

Plaintiffs claim that defendants violated sections 10(b) and 20(a) of the Securities Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and SEC Rule 10b–5, 17 C.F.R. § 240.10b–5.[2] Specifically, plaintiffs allege that:

1) Defendants had no reasonable basis to project conservative earnings of $1.25—$1.30 per share for Mentor Graphics in 1990. Defendants knew or should have known that order slowdowns, costs associated with product development, and delays in the integration of the products of Mentor Graphics with the workstations of Sun Microsystems would have a dramatic and negative effect on the 1990 earnings of Mentor Graphics.

2) Defendants misled the investing public into believing that the 1990 first quarter earnings of $0.26 per share would be the lowest for the year when defendants knew or should have known that earnings for the second quarter and the remainder of 1990 would be disappointing.

3) Defendants knew or should have known that customer orders were substantially reduced and that this reduction in orders would have a dramatic effect on second quarter and full year earnings for 1990.

4) Defendants knew or should have known that Hewlett–Packard would be introducing new products which would have a negative effect on customer orders until such products were actually introduced.

5) Defendants knew or should have known that the lack of integration between the products of Sun Microsystems and Mentor Graphics would cause a slowdown in customer orders.

6) Each individual defendant was responsible for the public disclosures of Mentor Graphics and was a "control person" with respect to Mentor Graphics.

7) As a result of the dissemination of false and misleading information by the defendants, the price of the stock in Mentor Graphics was artificially inflated from April 20, 1990 to July 2, 1990. Plaintiffs relied on the integrity of the market and the accuracy of this price when they purchased the stock on May 10, 1990 (Moreland) and June 7, 1990 (Rolex). Had plaintiffs known the adverse information not disclosed by the defendants, they would not have purchased the stock at the artificially inflated prices.

---

**1.** Plaintiffs originally alleged that the class period was April 20, 1990 through July 3, 1990. Based on the representations of Mentor Graphics that information concerning the disappointing performance of Mentor Graphics was released to the public prior to the commencement of trading on July 3, 1990, plaintiffs do not contest the exclusion from the class of all persons who purchased common stock in Mentor Graphics on or after July 3, 1990.

**2.** In its complaint, Rolex also alleged a cause of action against the defendants based on the common law tort of negligent misrepresentation. Pursuant to Fed.R.Civ.P. 12(b)(6), this court dismissed that claim in an order dated October 29, 1990. In its complaint, Moreland also alleged a cause of action under the securities laws of the State of Oregon. Pursuant to Fed.R.Civ.P. 12(b)(6), this court dismissed that claim in an order dated March 26, 1991.

8) Plaintiffs have been substantially damaged by the losses they suffered because of the non-disclosure of defendants.

## APPLICABLE LAW

Fed.R.Civ.P. 23 provides, in part:

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

. . . .

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

■■■ The moving party has the burden of proving that its claims are appropriate for class certification under Rule 23. *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir.1985). For the purposes of a motion under Rule 23, the allegations of the complaint are taken as true, and the court does not consider the merits of the case. *Guenther v. Pacific Telecom, Inc.*, 123 F.R.D. 333, 335 (D.Or.1988).

■ Securities actions are considered particularly appropriate for class action treatment. *Blackie v. Barrack*, 524 F.2d 891, 903 (9th Cir.1975), *cert. denied*, 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976). However, the court must be convinced that a rigorous analysis reveals that the four requirements of Rule 23(a) and one of the requirements of Rule 23(b) are satisfied. *General Tel. Co. v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982); *Beebe v. Pacific Realty Trust*, 99 F.R.D. 60, 64 (D.Or.1983).

## ANALYSIS AND RULING

### *Rolex's Motion for Class Certification*

#### 1. *Numerosity*

■■ Rule 23(a)(1) requires that the size of the proposed class be so numerous that joinder of all class members is impracticable. However, precise enumeration of the number of members of a proposed class is not required to certify an action to proceed as a class action. *Somerville v. Major Exploration, Inc.*, 102 F.R.D. 500, 503 (S.D.N.Y.1984). Based on the number of shares of common stock in Mentor Graphics that were outstanding during the class period and the volume of trading activity during the class period, Rolex estimates that there are several thousand members of the class that it seeks to certify. Defendants do not dispute this estimate. The court finds this estimate to be a reasonable estimate so as to satisfy the numerosity requirement of Rule 23(a)(1).

#### 2. *Commonality*

■ Rule 23(a)(2) requires that there be questions of law or fact common to the members of the proposed class. However, commonality does not require a finding that every question of law or fact is common to every class member. *Beebe v. Pacific Realty Trust*, 99 F.R.D. at 65. It is only necessary that there be at least one issue, the resolution of which will affect all or a significant number of the putative class members. *Id.*

■ Rolex contends that the common questions of law and fact arising out of the alleged scheme by Mentor Graphics and the individual defendants to commit a fraud on the market include:

(a) Whether the federal securities laws were violated by defendants' acts;

(b) Whether defendants participated in and pursued the concerted action or common course of conduct detailed in the Complaint;

(c) Whether the documents, releases, and statements disseminated to the investing public and the shareholders during the Class Period omitted and/or misrepresented material facts about the business affairs, financial condition and future prospects of Mentor Graphics;

(d) Whether the defendants acted willfully or recklessly or negligently in omitting to state and/or misrepresenting material facts, or in aiding and abetting the making of such misstatements;

(e) Whether the market price of Mentor Graphics' securities during the Class Period was artificially inflated because of the nondisclosure and/or misrepresentations detailed in the Complaint;

(f) Whether certain of the defendants used inside, adverse information in making sales of Mentor Graphics' securities; and

(g) Whether the members of the class have sustained damages, and, if so, the proper measure of such damages.

Plaintiff's Memorandum in Support of Motion for Class Certification, pp. 11–12.

Defendants do not dispute that there are issues of law and fact common to the members of the putative class. The court finds that Rolex has satisfied the commonality requirement of Rule 23(a)(2). *See Blackie v. Barrack*, 524 F.2d at 903.

### 3. *Typicality*

■ Rule 23(a)(3) requires that the claims or defenses of a plaintiff seeking to be the named representative of the proposed class be "typical" of the claims and defenses of the other members of the class. The claims and defenses of a named plaintiff are "typical" within the meaning of Rule 23(a)(3) if they stem from the same event, practice, or course of conduct that forms the basis of the claims of the class and are based upon the same legal or remedial theory. *Gordon v. Floating Point Sys., Inc.*, Civil No. 86–952–JU, Findings and Recommendation, pp. 4–5 (D.Or. Mar. 12, 1987), *citing Jordan v. County of Los Angeles*, 669 F.2d 1311 (9th Cir.1982), *vacated on other grounds*, 459 U.S. 810, 103 S.Ct. 35, 74 L.Ed.2d 48 (1982). A named plaintiff is not a proper class representative if it is subject to unique defenses. *Guenther v. Pacific Telecom, Inc.*, 123 F.R.D. at 336; *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176 (2d Cir.1990).

Rolex seeks to represent the class of persons who purchased common stock in Mentor Graphics during the period April 20, 1990 through July 2, 1990. On June 7, 1990, Schmidt purchased 500 shares of common stock in Mentor Graphics on behalf of Rolex. On July 3, 1990, Schmidt purchased an additional 500 shares of common stock in Mentor Graphics on behalf of Rolex. On August 2, 1990, Schmidt sold all of the shares of common stock in Mentor Graphics owned by Rolex. On December 23, 1990, Schmidt purchased 1000 shares of common stock in Mentor Graphics on behalf of Rolex. The purchases of stock made by Schmidt on July 3, 1990 and December 23, 1990 were made after Schmidt learned from information released by defendants that the earnings of Mentor Graphics would be less than defendants had projected earlier. The purchase of stock made by Schmidt on December 23, 1990 was made after this action was filed.

■ Defendants contend that Rolex has failed to satisfy the typicality requirement of Rule 23(a)(3) because Schmidt continued to trade in the stock in Mentor Graphics on behalf of Rolex after he learned of the alleged misrepresentations of defendants, and therefore defendants will raise the defenses of estoppel and waiver as to Rolex. The existence of a defense unique to the named plaintiff is relevant to the certification decision. *Guenther v. Pacific Telecom, Inc.*, 123 F.R.D. at 338; *Ross v. Bank*

*South, N.A.,* 837 F.2d 980, 990–91 (11th Cir.1988). The certification of a class is questionable where it is predictable that a major focus of the litigation will be on an arguable defense unique to the named plaintiff or to a subclass. *Id.*

■ Rolex alleges that by disseminating false information, defendants committed a fraud on the market. A claim for fraud on the market is based on the hypothesis that, in an open and developed securities market, the price of a company's stock is determined by the available material information regarding the company and its business. *Basic Inc. v. Levinson,* 485 U.S. 224, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988). Misleading statements will therefore defraud purchasers of stock even if the purchasers do not directly rely on the misstatements. 108 S.Ct. at 988. The causal connection between the fraud of defendants and the plaintiffs' purchase of stock in such a case is not less significant than in a case of direct reliance on misrepresentations. *Id.*

■ A plaintiff who relies on the fraud on the market theory to support a claim for violation of the federal securities laws is entitled to the presumption that he relied on the information available through the market, including the alleged misrepresentations of the defendant, in reaching his decision to trade in stock. *Id.* at 991, 992. However, any showing that severs the link between the alleged misrepresentations of the defendant and the price paid by a plaintiff or his decision to trade at a fair market price will be sufficient to rebut a presumption of reliance on the alleged misrepresentations. *Id.* at 978.

■ The fact that Schmidt, acting on behalf of Rolex, continued to trade in the stock in Mentor Graphics after he learned of the alleged misrepresentations of defendants severs the link between the alleged misrepresentations of defendants and the stock purchases made by Schmidt and acts to rebut the presumption that Schmidt relied on the alleged misrepresentations in making his purchases. Schmidt has testified that his decision to invest in the stock in Mentor Graphics was based, in part, on his personal belief that the stock represented good value in the long term. The court finds that there are questions concerning the materiality to Schmidt of the integrity of the market and the alleged misrepresentations of the defendants in making his decision to trade in the stock in Mentor Graphics.

Rolex may ultimately devote great effort toward the arguable defenses that arise from these facts. Therefore, there is a substantial likelihood that if Rolex is named as the representative of the proposed class, defenses unique to Rolex could become the focus of the litigation to the detriment of the class.

To meet its burden for class certification, Rolex must satisfy each of the four requirements of Rule 23(a). Rolex has not met its burden of satisfying Rule 23(a)(3) because the defenses Rolex must prepare to meet are not typical of the defenses which may be raised against the other members of the proposed class. Therefore, Rolex is not an adequate representative of the proposed class.

Rolex's motion for class certification is denied.

### *Moreland's Motion for Class Certification*

**1. *Numerosity***

Defendants do not contest that Moreland has satisfied the numerosity requirement of Rule 23(a)(3). Moreland estimates that there are several thousand members of the proposed class. The court finds this estimate to be a reasonable estimate so as to satisfy the numerosity requirement of Rule 23(a)(1).

**2. *Commonality***

Defendants do not contest that there are questions of law and fact common to the class that Moreland seeks to certify. The questions of law and fact common to the members of the proposed class are identical to those alleged by Rolex and discussed above. For the reasons stated above, the court finds that Moreland has demonstrat-

ed that questions of law and fact are common to the members of the proposed class.

### 3. *Typicality*

Rule 23(a)(3) requires that the claims or defenses of the plaintiff seeking to be the named representative be "typical" of the claims and defenses of the other members of the class for which certification is sought. The claims and defenses of a named plaintiff are "typical" within the meaning of Rule 23(a)(3) if they stem from the same event, practice, or course of conduct that forms the basis of the claims of the class and are based upon the same legal or remedial theory. *Gordon v. Floating Point Sys., Inc.*, Civil No. 86–952–JU, Findings and Recommendation, pp. 4–5 (D.Or. Mar. 12, 1987), *citing Jordan v. County of Los Angeles*, 669 F.2d 1311 (9th Cir.1982), *vacated on other grounds*, 459 U.S. 810, 103 S.Ct. 35, 74 L.Ed.2d 48 (1982). A named plaintiff is not a proper class representative if it is subject to unique defenses. *Guenther v. Pacific Telecom, Inc.*, 123 F.R.D. 333, 336 (D.Or.1988); *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176 (2d Cir.1990).

 The alleged course of conduct that underlies the claims of the class which Moreland seeks to certify is that throughout the period April 20, 1990 through July 2, 1990, defendants disseminated false and misleading information regarding the financial condition of Mentor Graphics in annual and quarterly reports to shareholders, in press releases, and in other communications.

Defendants contend that Moreland's claims are not typical of the claims of the class he seeks to represent because he does not "point to the same broad course of alleged fraudulent conduct to support [his] claims for relief." *Floating Point*, Findings and Recommendation of March 12, 1987 at 5. Defendants argue that Moreland relied upon the recommendation of an acquaintance with whom he plays golf and upon information contained in a Standard & Poor's Report in deciding to purchase stock in Mentor Graphics.

Moreland testified that after an acquaintance with whom he plays golf recommended to him that he consider purchasing stock in Mentor Graphics, he researched the financial history of Mentor Graphics at the Beaverton Public Library. He testified that he reviewed a 1989 annual report published by Mentor Graphics and a Standard & Poor's Report of March, 1990. From these documents, he learned that continued growth was projected for Mentor Graphics in 1990, primarily as a result of the anticipated introduction of its new Release 8.0 software.

The fact that the annual report upon which Moreland relied was published prior to the commencement of the class period does not bring his reliance outside of the course of conduct alleged on behalf of the class. Moreland alleges that the annual report contained misrepresentations that defendants failed to cure. To the extent that Moreland relied on a document such as Standard & Poor that summarizes information available on the open market and makes recommendations, defendants cannot claim that this information is extraneous to the market. Moreland has demonstrated that his claims are based on the same broad course of fraudulent conduct as are the claims of the members of the class he seeks to represent.

### 4. *Adequacy of Representation*

Rule 23(a)(4) requires that the plaintiff seeking to certify a class demonstrate that, as the representative of the class, he will fairly and adequately protect the interests of the class. Defendants contend that Moreland is not an adequate class representative because 1) he is unfamiliar with the case; and 2) he does not have sufficient resources to litigate this action.

 Familiarity with the case is one factor that courts consider in determining whether a plaintiff would be an adequate class representative. *Guenther v. Pacific Telecom, Inc.*, 123 F.R.D. at 339. A plaintiff does not satisfy Fed.R.Civ.P. 23(a)(4) if his testimony reveals that he is "startlingly unfamiliar" with the case. *Greenspan v.*

*Brassler,* 78 F.R.D. 130, 133–34 (S.D.N.Y. 1978). As one court put it:

> [t]he class is entitled ... to more than competent counsel. It must also be assured that it will have an adequate representative, one who will check the otherwise unfettered discretion of counsel in prosecuting the suit and who will provide his personal knowledge of the facts underlying the complaint.... The class is entitled to a representative who is more than 'a key to the courthouse door dispensable once entry has been effected.' *Saylor v. Lindsley,* 456 F.2d 896, 900 (2d Cir.1972).

*Weisman v. Darneille,* 78 F.R.D. 669, 671 (S.D.N.Y.1978).

■ The court has carefully reviewed the deposition of Moreland. Moreland is unfamiliar with the basic elements of the case, including what the allegations of the complaint are and which allegations of the complaint pertain to which defendants. Furthermore, Moreland did not become involved in the case until after the basic groundwork had been laid. He contributed nothing to the drafting of the complaint. *See Greenspan v. Brassler,* 78 F.R.D. at 133–34.

■ To satisfy Rule 23(a)(4), the named representative of a class must be in a position to "check the otherwise unfettered discretion of counsel in prosecuting the suit," not only with respect to the facts of the case but also with respect to the economic consequences of the suit. *Weisman v. Darneille,* 78 F.R.D. at 671. If the representative client is not financially responsible, the attorneys have free rein over the prosecution of the action. *In re Mid–Atlantic Toyota Antitrust Litig.,* 93 F.R.D. 485, 490 (D.Md.1982). "This is tantamount to the unacceptable situation of the attorney being a member of the class of litigants while serving as class counsel." *Id.*

Moreland cannot independently fund this litigation. He has been unemployed for over two years. His sole means of support is $30,000.00 in savings. Counsel for Moreland have agreed to advance litigation costs to Moreland with the understanding that they will be reimbursed if defendants prevail. Therefore, in reality, this suit is being financed by counsel for Moreland.

Moreland has failed to demonstrate that he has sufficient familiarity with this case or sufficient resources to allow him to check the actions of counsel and truly serve as the representative of the proposed class. Therefore, the court finds that Moreland has not satisfied his burden of demonstrating that he is an adequate representative of the proposed class.

To meet his burden for class certification, Moreland must satisfy each of the four requirements of Rule 23(a). Moreland has not met his burden of satisfying Rule 23(a)(4) because he lacks sufficient familiarity with the case and sufficient resources to ensure adequate representation of the proposed class.

Moreland's motion for class certification is denied.

### CONCLUSION

The motions of Rolex (# 21) and Moreland (# 22) for class certification are denied.