**In re EMULEX CORPORATION, SECURITIES LITIGATION.**

No. CIV.01–0219–GLT.

United States District Court,
C.D. California,
Southern Division.

Sept. 30, 2002.

Spencer A. Burkholz, Milberg, Weiss, Bershad, Hynes & Lerach, San Diego, CA, David R. Scott, James E. Miller, Scott & Scott, Colchester, CT, Steven E. Cauley, Cauley, Geller, Bowman & Coates, Little Rock, AR, Brian J. Robbins, Robbins, Umeda & Fink, San Diego, CA, for plaintiff.

Wayne W. Smith, Elizabeth Ann Warke, Stacy J. Burrell, Meryl L. Young, Gibson, Dunn & Crutcher, Irvine, CA, for defendants.

## ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

TAYLOR, District Judge.

Plaintiffs' Motion for Class Certification is GRANTED.

### I. BACKGROUND

In December 2000 and January 2001, Emulex Corporation announced increased earnings for the quarter and the 2001 fiscal year. From mid-January until early February ("Class Period"), Emulex assured the market it was on target to meet its higher projections. Emulex's stock price increased significantly when these statements were made.

Plaintiffs claim Emulex knew these statements were false because they were made after several Emulex customers delayed and canceled orders (push-outs), weakening Emulex's business. Plaintiffs contend Defendants, who are officers and members of the Emulex Board of Directors, relied on inside information about the push-outs and sold significant percentages of their Emulex stock during the critical period. Emulex's stock value plummeted after analysts reported the push-outs and suggested the push-outs began by early January. Plaintiffs contend Defendants breached their fiduciary duties to Emulex by participating in insider trading and making false statements about Emulex's business and financial condition.

Plaintiffs bring fraud and insider trading claims against Defendants on behalf of all person who purchased Emulex stock during the Class Period. The Court appointed Richard Burke, Henry Sawyer, and Doris and Stuart Gulden as Lead Plaintiffs, who now move to certify the class.

### II. DISCUSSION

In order for a class action to be certified, plaintiffs have the burden to establish all of the requirements of Federal Rule of Civil Procedure 23(a). *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir.1985). Rule 23(a) states four threshold requirements applicable to all class actions: (1) numerosity, ("the class is so numerous that joinder of all members is impracticable"); (2) commonality ("there are questions of law or fact common to the class"); (3) typicality ("the claims or defenses of the representative parties are typical of the claims or defenses of the class"); and (4) adequacy of representation ("the representative parties will fairly and adequately protect the interests of the class"). Fed.R.Civ.P. 23(a); *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 613, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997).

In addition to satisfying Rule 23(a)'s prerequisites, plaintiffs must also show that the action is maintainable under Rule 23(b), which requires the action (1)avoids the risk of inconsistent judgments; (2) involves requests for relief applicable to the entire class; or (3)involves common questions of fact or law which predominate over questions that affect individual class members. *See Am-*

*chem Products, Inc., v. Windsor* 521 U.S. 591, 614–615, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997).

### A. *Rule 23(a) Prerequisites*

#### 1. *Numerosity*

■ Plaintiffs seek to certify a class of all persons who purchased Emulex stock during the Class Period. Plaintiffs claim, and Defendants do not dispute, the Class would include hundreds or thousands of purchasers since approximately five million shares of Emulex stock were traded daily during the Class Period. Individual joinder of members of a class this size would be impracticable. *See* Fed.R.Civ.Pro. 23(a)(1); *Zeidman v. Ray McDermott & Co., Inc.,* 651 F.2d 1030, 1038 (5th Cir.1981) (noting numerosity is generally presumed to exist in class action suits involving nationally traded securities). Plaintiffs have satisfied the numerosity requirement.

#### 2. *Commonality*

■ Plaintiffs claim specific acts committed by Defendants during the Class Period violated federal securities law. Defendants' alleged conduct and the legality of this conduct are "questions of law or fact common to the class." Fed.R.Civ.Pro. 23(a)(2). Plaintiffs have satisfied the commonality requirement.

#### 3. *Typicality*

The claims or defenses of the class representatives must be typical of the claims or defenses of other class members. Fed.R.Civ. Pro. 23(a)(3). Defendants do not dispute Plaintiffs' claims arose from the same set of events and course of conduct that gave rise to the claims of other class members. Defendants argue Plaintiffs Burke and the Guldens cannot serve as class representatives because they purchased Emulex stock after the class period. Defendants argue these purchases subject them to a non-reliance defense that is not typical of the class.

■ Typicality may be lacking where the proposed class representative is subject to unique defenses that could not be asserted against other members of the class and threaten to become the focal point of the

litigation. *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir.1992). Defendants cite cases where a plaintiff's purchase of defendant's stock after learning of the alleged misrepresentation, by itself, precluded the plaintiff from acting as a class representative. *See e.g., Berwecky v. Bear, Stearns & Co.,* 197 F.R.D. 65 (S.D.N.Y.2000); *Epstein v. American Reserve Corp.,* 1988 WL 40500 (N.D.Ill.1988).

■ The Ninth Circuit has held, however, the defense of non-reliance is not a basis for denial of class certification unless facts giving rise to the defense makes the plaintiff atypical. *See Hanon,* 976 F.2d at 508–509 (finding the typicality requirement was not met because of plaintiff's "unique background and factual situation" as a professional plaintiff with a practice of buying minimal shares). *See also Yamner v. Boich,* 1994 WL 514035 (N.D.Cal.1994) (finding typicality in spite of plaintiff's purchase of stock after learning of the fraudulent conduct); *Rolex Employees Ret.Trust v. Mentor Graphics Corp.,* 136 F.R.D. 658, 664 (D.Or.1991) (finding the typicality requirement was not met because plaintiff's agent's testimony that his decision to purchase was based on his personal belief the stock represented good value in the long run).

Evidence of "stock speculation" by class representatives is not sufficient to defeat a finding of typicality except in cases where the class representative engaged in significant speculative investment strategies. *See In re THQ, Inc. Securities Litigation,* 2002 WL 1832145 (C.D.Cal.2002). Here, deposition testimony shows Plaintiffs Burke and the Guldens purchased Emulex stock after the Class Period because they hoped or thought the stock would "rebound" or "come back strong." This is not sufficient to defeat typicality. Since Plaintiffs' claims arose from the same set of events and course of conduct that gave rise to the claims of other class members, Plaintiffs have satisfied the typicality requirement.

#### 4. *Adequacy of Representation*

A class representative must be able "fairly and adequately to protect the interests" of all

the class members. Fed.R.Civ.Pro. 23(a)(4). Representation is adequate if (1) the attorney representing the class is qualified and competent; and (2) the class representatives are not disqualified by interests antagonistic to the remainder of the class. *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir.1978).

### a. *Adequacy of Counsel*

■ In evaluating the adequacy of attorneys representing the class, a court may examine the attorneys' professional qualifications, skill, experience, and resources. *In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liab. Litig.*, 55 F.3d 768, 801 (3rd Cir.1995). The court may also look at the attorneys' demonstrated performance in the suit itself. *Sullivan v. Chase Inv.*, 79 F.R.D. 246, 258 (N.D.Cal.1978). Plaintiffs have demonstrated Plaintiffs' counsel is qualified and competent to represent the class in both respects.

■ Defendants challenge Plaintiffs' counsel Scott & Scott, LLC because Scott & Scott is representing the Guldens in a National Association of Securities Dealers ("NASD") arbitration against the Guldens' former broker. Defendants argue the success of the class action against Emulex will harm the Guldens' claim against their broker, creating a conflict of interest that disqualifies the Guldens as class representatives and Scott & Scott as class counsel. Defendants also argue the Guldens' access to an alternate form of recovery will cause them to be less diligent in their prosecution of the class action.

The Guldens claim their NASD action is based on their broker's failure to diversify and misrepresentation of the broker's qualification and experience. *See* Guldens Decl. ¶ 4. The Guldens also disclaim intention of seeking to disprove Defendants' securities fraud in the NASD proceeding. *Id.* Potentially antagonistic interests of a representative plaintiff must be actual rather than speculative to justify denial of certification. *See Rosario v. Livaditis*, 963 F.2d 1013, 1018–1019 (7th Cir.1992); *Ziemack v. Centel Corp.*, 163 F.R.D. 530 (N.D.Ill.1995)(finding simultaneously raising a state court claim is not antagonistic where the named defendants dif-

fer). Defendants have not offered evidence to support their speculation the Guldens or Scott & Scott will pursue arguments antagonistic to the class or be less diligent in their prosecution of the case.

### b. *Adequacy of Named Plaintiffs*

■ Defendants also challenge the qualification of the class representatives. In securities fraud cases, plaintiffs should be highly knowledgeable about their claims, reflecting "Congress's emphatic command that competent plaintiffs, rather than lawyers, direct such cases." *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 481–483 (5th Cir. 2001). Defendants argue Plaintiffs Burke and Sawyer are not sufficiently informed of the details of the case and are not providing sufficient supervision over their attorneys. Defendants cite as support Plaintiffs' deposition testimony stating they had not seen the Complaint before it was filed, were not familiar with the organization of their attorneys into "executive committees," had not been in touch with other class representatives, made errors in documents, referred to themselves as a "spokesperson" for the class, and/or were unfamiliar with terms such as "class representative" and "deposition." Defendants argue these admissions demonstrate Plaintiffs are "uninformed and disinterested" representatives in a lawyer-driven litigation.

Plaintiffs claim they understand the factual basis for the lawsuit, are in regular contact with some, if not all, of the attorneys, and review documents filed in the case. Deposition testimony shows Plaintiffs understand their responsibilities as class representatives, that they are representing the interests of other members of the class and will not receive any benefit that is unavailable to other class members. Similarly, while Plaintiffs may not be familiar with the term "deposition," Plaintiffs have attended depositions, during which they expressed an understanding of the events and relationships involved in the lawsuit despite finding the language of certain documents difficult to understand.

The Court finds Plaintiffs are sufficiently knowledgeable about the case to adequately represent the class, even if they do not have a detailed understanding of the legal terminology or securities law. *See Yamner v. Boich,* 1994 WL 514035 (N.D.Cal.1994)("Plaintiffs in a complex securities case cannot be expected to be intimately familiar with every factual and legal issue of the case"). Plaintiffs' reliance on counsel to file documents and to investigate and litigate the case does not show a failure to supervise or an abdication of their duties as class representatives. *See id.*

Plaintiffs have satisfied the adequate representation requirement.

**B.** *Rule 23(b) Requirements*

■ Plaintiffs seeking class certification must also demonstrate questions of law or fact common to the class "predominate" over questions affecting the individual members and, on balance, a class action is superior to other methods available for adjudicating the controversy. Fed.R.Civ.Pro. 23(b)(3). The predominant questions of law or fact at issue in this case are the alleged misrepresentation Defendants made during the Class Period and are common to the class. Given the identical claims shared by the members of the class, a class action is superior to individual litigation for adjudicating the controversy. *See Epstein v. MCA, Inc.,* 50 F.3d 644, 668 (9th Cir.1995)(finding securities fraud claims based on misstatements leading to identical claims by numerous shareholders fit Rule 23 requirements "like a glove"), rev'd on other grounds *Matsushita Elec. Indus. Co., Ltd. v. Epstein,* 516 U.S. 367, 116 S.Ct. 873, 134 L.Ed.2d 6 (1996).

Plaintiffs have satisfied Rule 23 requirements for class certification.

### III. *DISPOSITION*

Plaintiffs' Motion for Class Certification is GRANTED.[1]

---

**1.** The Court has considered arguments in Defendants' Sur–Reply, but finds they do not change the disposition of the Motion.