903 F.2d 176
 Fed. Sec. L. Rep. P 95,630, 16 Fed.R.Serv.3d 700
 GARY PLASTIC PACKAGING CORPORATION, a New York corporation,
for itself and others similarly situated,
Plaintiff-Appellant,
v.
MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., a Delaware
corporation, and Merrill Lynch Money Markets,
Inc., a Delaware corporation,
Defendants-Appellees.
 No. 116, Docket 89-7295.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 3, 1989.
Decided May 14, 1990.
 
 Guy B. Bailey, Jr., Miami, Fla. (Bailey & Hunt, Miami, Fla., of counsel), for plaintiff-appellant.
 William R. Glendon, New York City (Christopher W. O'Neill, Rogers & Wells, New York City, E. Michael Bradley, Paul Windels III, Brown & Wood, New York City, of counsel), for defendants-appellees.
 Before VAN GRAAFEILAND, PIERCE, and PRATT, Circuit Judges.
 PIERCE, Senior Circuit Judge:
 
 
 1
 Gary Plastic Packaging Corp. ("Gary Plastic") appeals from a judgment of the United States District Court for the Southern District of New York, Haight, Judge, dismissing its complaint, with prejudice, for failure to prosecute, pursuant to Rule 41(b), Fed.R.Civ.P. On appeal, Gary Plastic seeks review of an order denying its motion for class certification and disqualifying its counsel. See Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 119 F.R.D. 344 (S.D.N.Y.1988).
 
 I.
 
 2
 While we assume familiarity with both Judge Haight's reported decision and our prior opinion in this case, Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 756 F.2d 230 (2d Cir.1985), we briefly restate the relevant facts.
 
 
 3
 Gary Plastic is a closely-held corporation. Its four shareholders are Marilyn Schur Hellinger ("Marilyn"); her husband, Gary Hellinger; and her brothers, Kenneth and Robert Schur. Gary Hellinger is Gary Plastic's president and Robert Schur is its general counsel, vice-president and assistant secretary. Robert Schur is also affiliated with the Miami law firm of Bailey & Dawes (currently, Bailey & Hunt).
 
 
 4
 Since approximately 1973, Howard Schur, Marilyn's first cousin, has been a stockbroker responsible for accounts for Gary Plastic and various members of the Schur family. From 1978 until 1983, Howard Schur was a broker with appellee Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill").
 
 
 5
 In 1980, appellee Merrill Lynch Money Markets, Inc. ("Money Markets") initiated a program which enabled investors to purchase fully-insured $100,000 certificates of deposit ("CDs") issued by banks around the country.
 
 
 6
 Between May and July 1982, Gary Plastic purchased twelve short-term CDs through Merrill. In July 1982, Robert Schur also purchased a short-term CD through Merrill for his own account. Howard Schur was the broker on all of these transactions.
 
 
 7
 In late July 1982, Gary Hellinger discovered that the CDs which Gary Plastic had bought through Merrill paid less interest than CDs which could be bought directly from the banks which issued them. Hellinger asked Robert Schur to investigate the situation.
 
 
 8
 Subsequently, Gary Plastic and Robert Schur each purchased CDs directly from an issuing bank. Gary Plastic, however, continued investing in Merrill's CD program: in August 1982 and in October 1982, it "rolled over" a total of four CDs which it had purchased through Merrill.
 
 
 9
 In 1983, Gary Plastic retained Bailey & Dawes and filed a complaint asserting claims, on behalf of itself and a class which it sought to represent, against Merrill and Money Markets alleging securities fraud. The action was filed in the Southern District of Florida and, in November 1983, it was transferred to the Southern District of New York. In July 1985, after we reversed a grant of summary judgment in favor of the defendants, Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 756 F.2d 230 (2d Cir.1985), Gary Plastic moved for class certification.
 
 
 10
 On February 10, 1988, Judge Haight denied this motion and, pursuant to DR 5-102(A) of New York's Code of Professional Responsibility, disqualified Bailey & Dawes from pursuing Gary Plastic's individual claims. Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 119 F.R.D. 344 (S.D.N.Y.1988).
 
 
 11
 Judge Haight scheduled a pre-trial conference for April 22, 1988. Gary Plastic failed to appear at this conference, whereupon Judge Haight informed its local counsel of his continuing obligations and scheduled another conference for June 17, 1988. Plaintiff's local counsel appeared at this conference and applied for leave to withdraw. Also on June 17, 1988, Gary Plastic moved to reargue the certification and disqualification issues.
 
 
 12
 By order dated June 22, 1988, Judge Haight rejected the motion to reargue as untimely, relieved local counsel, and dismissed Gary Plastic's individual claims, with prejudice, for failure to prosecute. This order, however, gave Gary Plastic thirty days to find acceptable counsel and to move to vacate the order of dismissal. Three months elapsed, and on September 23, 1988, noting that Gary Plastic had not applied to have the action reopened, Judge Haight directed that judgment be entered. This appeal followed and initially raises questions of appealability.
 
 II.
 
 13
 The denial of a class certification motion and the disqualification of counsel are interlocutory orders which are not immediately appealable under 28 U.S.C. Sec. 1291. See Coopers & Lybrand v. Livesay, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) (class certification); Richardson-Merrell Inc. v. Koller, 472 U.S. 424, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985) (disqualification of counsel); cf. Deposit Guar. Nat'l Bank v. Roper, 445 U.S. 326, 336, 100 S.Ct. 1166, 1173, 63 L.Ed.2d 427 (1980) (denial of class certification appealable after entry of final judgment). Appellees assert that since Gary Plastic could not appeal the denial of its class certification motion directly, it should not be permitted to obtain appellate review by refusing to prosecute its individual claims.
 
 
 14
 In Coopers & Lybrand, the Court rejected the "death knell" doctrine which had treated as final, for purposes of 28 U.S.C. Sec. 1291, orders denying class certification which, as a practical matter, made it unlikely that the disappointed class representative would pursue its individual claims. 437 U.S. at 469-77, 98 S.Ct. at 2458-62. In so holding, the Court identified several flaws relating to the "death knell" doctrine: (1) the impropriety of courts, as opposed to the legislature, formulating an appealability rule which turns upon the value of the plaintiff's individual claim, id. at 472-73, 98 S.Ct. at 2459-60; (2) the potential waste of judicial resources involved in determining whether the denial of class certification was, in fact, the "death knell" of the action, id. at 473-74, 98 S.Ct. at 2460-61; (3) the discretion which the doctrine accorded to district judges, id. at 474-75, 98 S.Ct. at 2460-61; (4) the fact that the doctrine operates only to the advantage of plaintiffs, id. at 476, 98 S.Ct. at 2462; and (5) the intrusion of appellate courts in the trial process, id.
 
 
 15
 In Huey v. Teledyne, Inc., 608 F.2d 1234 (9th Cir.1979), relied upon by appellees, the district court declined to certify a class and subsequently dismissed the individual claims when the putative class representative refused to proceed. The Ninth Circuit held that a putative class representative may not evade the policy against piecemeal review by waiving his individual claims: "[w]here the record shows that the denial of class certification caused the failure to prosecute, that ruling does not merge in the final judgment for purposes of appellate review...." Id. at 1240; accord Bowe v. First of Denver Mortgage Investors, 613 F.2d 798 (10th Cir.), cert. denied, 447 U.S. 906, 100 S.Ct. 2989, 64 L.Ed.2d 855 (1980); cf. Sere v. Board of Trustees, 852 F.2d 285, 288 (7th Cir.1988) (interlocutory order does not merge into final judgment where merger would reward party for bad faith and dilatory tactics).
 
 
 16
 By contrast, in Allied Air Freight, Inc. v. Pan American World Airways, Inc., 393 F.2d 441 (2d Cir.), cert. denied, 393 U.S. 846, 89 S.Ct. 131, 21 L.Ed.2d 117 (1968), the district court had stayed an action until the plaintiff exhausted its administrative remedies. When the plaintiff refused to pursue these remedies, the court dismissed the action. While the appellant did not deny that it had intentionally defaulted in order to obtain review of the interlocutory order staying the action, this court held that the stay was reviewable since all interlocutory orders merge into a final order. Id. at 444; cf. Drake v. Southwestern Bell Tel. Co., 553 F.2d 1185, 1186-87 (8th Cir.1977). Significantly, we expressly rejected the argument that permitting an appeal through this mechanism "would encourage all would-be appellants from interlocutory orders to do nothing [and] procure a dismissal ... which could then be appealed." Allied Air Freight, 393 F.2d at 444.
 
 
 17
 We decline to follow Huey and Bowe and we reject appellees' assertion that Allied Air is no longer valid in light of Coopers & Lybrand. We note that the concerns identified by the Court in Coopers & Lybrand, supra at 178-79, are inapplicable where, as here, the putative class representative's individual claims have been dismissed for failure to prosecute. Moreover, since immediate appellate review will only be available to disappointed class representatives who risk forfeiting their potentially meritorious individual claims, 7B C. Wright, A. Miller & M. Kane, Federal Practice and Procedure Sec. 1802, at 483 (2d ed. 1986), reviewing the merits of the class certification order will not substantially undermine the policy against piecemeal review.
 
 
 18
 Thus, we hold that for purposes of appellate review, an order denying a motion for class certification merges into a final judgment which results from the class representative's failure to prosecute its individual claim. Cf. Nichols v. Mobile Bd. of Realtors, Inc., 675 F.2d 671, 675 (5th Cir. Unit B 1982) (stating that Fifth Circuit has sub silentio refused to follow Huey and Bowe ).
 
 III.
 
 19
 In evaluating whether class certification is appropriate, the district court is required to consider the factors set forth in Rule 23, Fed.R.Civ.P. In light of the importance of the class action device in securities fraud suits, these factors are to be construed liberally. Green v. Wolf Corp., 406 F.2d 291, 295, 298 (2d Cir.1968), cert. denied, 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969).
 
 
 20
 In the present case, Judge Haight found that Gary Plastic was an inappropriate class representative since its claim is subject to several unique defenses including its continued purchases of CDs through Merrill despite having notice of, and having investigated, the alleged fraud.
 
 
 21
 While it is settled that the mere existence of individualized factual questions with respect to the class representative's claim will not bar class certification, see, e.g., Green, 406 F.2d at 301; Dura-Bilt Corp. v. Chase Manhattan Corp., 89 F.R.D. 87, 98-99 (S.D.N.Y.1981), class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation, see, e.g., Kline v. Wolf, 88 F.R.D. 696, 700 (S.D.N.Y.1981) (Weinfeld, J.), aff'd in relevant part, 702 F.2d 400, 403 (2d Cir.1983); J.H. Cohn & Co. v. American Appraisal Assoc., Inc., 628 F.2d 994, 998-99 (7th Cir.1980). Regardless of whether the issue is framed in terms of the typicality of the representative's claims, Rule 23(a)(3), Fed.R.Civ.P., or the adequacy of its representation, Rule 23(a)(4), Fed.R.Civ.P., there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it. 7A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure Sec. 1764, at 259-60 (2d ed.1986) (typicality); 3B J. Moore & J. Kennedy, Moore's Federal Practice p 23.07, at 23-192 (2d ed. 1987) (adequacy of representation).
 
 
 22
 While the fact that Gary Plastic was the only plaintiff to come forward and seek to represent the class weighs in favor of certification, see Green, 406 F.2d at 298; Dura-Bilt, 89 F.R.D. at 101, a class "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied," General Tel. Co. v. Falcon, 457 U.S. 147, 161, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982). In the factual context presented, we see no abuse of discretion in the district court's refusal to certify a class action.
 
 
 23
 We need not consider whether the district court erred either in disqualifying Bailey & Dawes or in dismissing Gary Plastic's individual claim with prejudice since, at oral argument, Gary Plastic conceded that it does not intend to pursue its individual claims.
 
 IV.
 
 24
 The judgment of the district court is affirmed. Each party shall bear its own costs.