**Theodore KOVALEFF and Giacomo Fernicola and Lorraine Fernicola, on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**Vincent C. PIANO, Victor L. Piano, Mark Wenzel, William Schwing, Cy Block, Benjamin Colarossi, Stephen A. Zelnick, Michael T. Studer, C.P.A., P.C., Michael T. Studer, R.H. Damon & Co., Inc., Commonwealth Associates, and Gilford Securities Incorporated, Defendants.**

**No. 91 Civ. 1624 (JES).**

United States District Court,
S.D. New York.

June 22, 1992.

Wechsler Skirnick Harwood Halebian & Feffer (Joel C. Feffer, of counsel), Goodkind Labaton Rudoff & Sucharow (Ira A. Schochet, of counsel), New York City, for plaintiffs.

Shea & Gould (Clifford Thau, Shari C. Reig, of counsel), New York City, for defendants R.H. Damon & Co., Inc., Commonwealth Associates, and Gilford Securities, Inc.

Meister, Leventhal & Slade (Jeffrey Slade, Marjorie E. Berman, of counsel), New York City, for defendants Vincent C. Piano, Victor L. Piano, Mark Wenzel, William Schwing, Cy Block, Benjamin Colarossi, and Stephen A. Zelnick.

Siff Rosen, P.C. (John H. Somoza, of counsel), New York City, for defendants Michael T. Studer, and Michael T. Studer, C.P.A., P.C.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiffs bring this consolidated action on behalf of a class of purchasers of units of securities of Mizlou Communications Company, Inc. ("Mizlou") during the period February 12, 1990 to March 23, 1990. Plaintiffs claim that they purchased the units in reliance upon Mizlou's prospectus, which, allegedly, was materially misleading in violation of sections 11, 12(2), and 15 of the Securities Act of 1933. *See* 15 U.S.C. §§ 77k, 77*l*(2), 77*o* (1988). Plaintiffs seek an order that the action be maintained as a class action under Fed.R.Civ.P. 23(c)(1).[1] For the reasons that follow, plaintiffs' motion is denied.

## BACKGROUND

In 1989, Mizlou, a producer and distributor of televised sports events,[2] conceived of the idea of creating and launching a 24–hour, all-sports news cable television network, the Mizlou Sports News Network ("SNN"). *See* Amended and Consolidated Class Action Complaint ("Compl.") ¶¶ 26–31. SNN commenced commercial broadcasting on February 1, 1990. *See* Affidavit of John H. Somoza ("Somoza Aff.") at Ex. B., p. 3. Mizlou sought financing through a public sale of units consisting of one share of convertible preferred stock and three Class "B" warrants to purchase common stock. *See* Somoza Aff. at Ex. B., p. 1. Mizlou issued a prospectus as part of

its registration statement dated February 12, 1990, *see* Compl. ¶ 1, which offered 885,500 units for sale at $10 per unit. *See* Affidavit of Ira A. Schochet ("Schochet Aff.") at pp. 2–3.

Plaintiffs allege that the prospectus was materially misleading in that cash flow deficits substantially exceeded the projections made in the prospectus. The prospectus contained an estimate that Mizlou would incur an aggregate cash flow deficit from operations of $4,100,000 for all of 1990. *See* Somoza Aff. at Ex. B, p. 8. Plaintiffs allege that Mizlou filed a Form 10–Q for the quarter ended March 31, 1990 on May 15, 1990 which showed Mizlou's cash flow deficit from operations to be $5,322,678. *See* Compl. ¶ 35. After this disclosure, the market price of the units dropped.[3] *See* Defs.' 3(g) Statement ¶¶ 9–10. Plaintiffs allege that Mizlou's cash flow deficit grew to $10,048,409 by the end of June 1990. *See* Compl. ¶ 36.

Plaintiffs increased their stake in Mizlou after defendants disclosed the alleged misstatement on May 15, 1990. Plaintiff Fernicola purchased Class "A" warrants on May 18, 1990, Class "B" warrants on July 2 and September 25, 1990, and common stock on October 17, 1990. *See* Fernicola Deposition at pp. 188, 434–35 ("Fern. Dep."); Plaintiffs' Statement Pursuant to Local Rule 3(g) at p. 2 ("Pls.' 3(g) Statement"). He also converted 7000 Class "A" warrants into shares of common stock at a cost of $7000 in July, 1990. Fern. Dep. at pp. 436–38, 535–36. Plaintiff Kovaleff converted 3000 Class "A" warrants into shares of common stock at a cost of $3000 in July, 1990. *See* Kovaleff Deposition at pp. 150–56 ("Kov. Dep."). Plaintiffs concede that,

---

1. Plaintiffs request, in the alternative, that the Court grant them an opportunity to intervene a new plaintiff. However, no purported class member has sought to intervene in the time since Oral Argument of this motion on January 17, 1992, at which the Court expressed its tentative conclusions that the named representatives lacked typicality.

2. Mizlou filed a petition for bankruptcy protection under Chapter 11 of the Bankruptcy Code in December 1990, and is not named as a defen-

dant as it is subject to the automatic stay provisions of 11 U.S.C. § 362.

3. Defendants concede that, after the May 15, 1990 disclosure, the unit price fell from a unit price of $12.25 on May 15 to $10.63 on May 21, before rebounding somewhat. *See* Defendants' Joint Statement of Undisputed Material Facts Pursuant to Local Rule 3(g) of the United States District Courts for the Southern and Eastern Districts of New York ¶¶ 9–11 ("Defs.' 3(g) Statement").

through July, 1990, neither plaintiff sold his units. *See* Pls.' 3(g) Statement at p. 2.

Plaintiffs moved for class certification and defendants cross-moved for summary judgment. At Oral Argument, the Court denied defendants' cross-motion for summary judgment, but reserved decision on the class certification motion pending the submission of supplemental papers.

## DISCUSSION

■ A class action may not be certified unless the prerequisites of Rule 23(a) are satisfied. *General Tel. Co. v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982); *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 675, 112 L.Ed.2d 667 (1991).[4] Defendants contend that, because plaintiffs increased their holdings of Mizlou common stock after disclosure of the alleged fraud, they are subject to such unique defenses[5] that they cannot be deemed to be adequate or typical representatives of the class. *Gary Plastic, supra,* 903 F.2d 176.

■ In *Gary Plastic*, a holder of certificates of deposit ("CDs"), who rolled over four CDs after he had notice of an alleged fraud, was held to be subject to defenses of such nature as to warrant a denial of class action certification. 903 F.2d at 179–80. The Court, after noting that the class action device is especially important in securities fraud cases, affirmed the denial of class certification citing to the "danger that absent class members will suffer if their representative is preoccupied with defenses unique to it." *Id.* The defenses that can

be asserted against the putative class action plaintiffs would likewise adversely impact the interest of the class. It follows that plaintiffs' motion for class action certification must be denied.

■ While the Court was initially concerned about the fact that denial of class action status here might well foreclose the possibility of any action being brought on behalf of the class, *see Korwek v. Hunt,* 827 F.2d 874 (2d Cir.1987), the Court is now convinced that that circumstance is irrelevant to whether these plaintiffs meet the requirements of Rule 23.

## CONCLUSION

For the reasons stated above, plaintiffs' motion for class certification is denied.

It is SO ORDERED.

---

**4.** Rule 23(a) sets forth the four prerequisites for class certification: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims and defenses of plaintiffs are typical, and (4) plaintiffs will fairly and adequately protect the interests of the class. *See* Fed.R.Civ.P. 23(a). For class actions maintainable under Rule 23(b)(3), the Court must also find both that common questions of law or fact predominate over individual issues, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. *See* Fed.R.Civ.P. 23(b)(3).

There is no dispute as to whether any of these other prerequisites have been met.

**5.** Defendants also assert that the putative class action plaintiffs are atypical because they are sophisticated investors. However, investor sophistication is not a particularly relevant factor in suits upon a prospectus where subjective reliance is not an issue. *See Wilson v. Ruffa & Hanover, P.C.,* 844 F.2d 81, 84–86 (2d Cir.1988), *aff'd on reh'g,* 872 F.2d 1124 (2d Cir.1989); *Akerman v. Oryx Communications, Inc.,* 810 F.2d 336, 344 (2d Cir.1987).