**Harry JACOBS, on behalf of himself and all others similar situated plaintiff, Plaintiff–Appellant,**

v.

**CITIBANK, N.A., Defendant–Appellee.**

No. 03–7485.

United States Court of Appeals, Second Circuit.

Dec. 12, 2003.

Harry Jacobs, New York, N.Y., for Appellant.

Stephen F. Ellman, Zeichner, Ellman & Krause, LLP, New York, N.Y., for Appellee.

Present: OAKES, POOLER, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Harry Jacobs ("Jacobs") appeals from the March 31, 2003 order of the United States District Court for the Southern District of New York (Jed S. Rakoff, *J.*) which adopted the February 25, 2003 Recommendation of the Honorable Kevin Nathaniel Fox, United States Magistrate Judge, to disqualify Jacobs from serving in the dual role of class representative and class counsel.

Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues. Jacob's appeal is not properly before this court because a final judgment has not been entered in this case nor are any exceptions to the final judgment rule applicable. Here, the district court adopted the magistrate judge's recommendation that attorney Harry Jacobs be disqualified from serving in the dual role of class representative and class counsel. In *Richardson–Merrell, Inc. v. Koller*, the Supreme Court states that "orders disqualifying counsel in a civil case ... are not collateral orders subject to appeal as 'final judgments' within the meaning of 28 U.S.C. § 1291." 472 U.S. 424, 440, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985); *see also Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176 (2d Cir.), *cert. denied*, 498 U.S. 1025, 111 S.Ct. 675, 112 L.Ed.2d 667 (1991) ("The denial of a class certification and the disqualification of counsel are interlocutory orders which are not immediately appealable[.]").

Accordingly, the appeal is hereby DISMISSED.