IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 29, 2014 Session

## GARY HAISER, ET AL. v. MICHAEL HAINES, ET AL.

**Appeal from the Chancery Court for Cumberland County**
**No. 2011CH508     Ronald Thurman, Chancellor**

_____

**No. E2013-02350-COA-R3-CV-FILED-DECEMBER 12, 2014**

_____

This appeal arises from an internal conflict in a planned community. A group of property owners ("Plaintiffs") sued another group of property owners ("Defendants")[1] in the Chancery Court for Cumberland County ("the Trial Court"). Both groups contested which was the legitimate Board of Directors for the community association. Plaintiffs sought, among other things, declaratory relief as to the rights and responsibilities of the parties. Plaintiffs filed a motion for class action certification. The Trial Court, finding that Plaintiffs had failed to establish the requirements of typicality and adequacy of representation, denied Plaintiffs' request for class certification. Plaintiffs appeal the denial of class certification. Finding no abuse of discretion, we affirm the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and JOHN W. MCCLARTY, J., joined.

Melanie E. Davis, Maryville, Tennessee, for the appellants, Gary Haiser, Joel Matchak, John Moore, Gerald Nugent, and Renegade Mountain Community Club, Inc.

Gregory C. Logue and Lindy D. Harris, Knoxville, Tennessee, for the appellees, Michael McClung, Phillip Guettler, and Moy Toy, LLC.

_____

[1]In addition to the parties listed in this Opinion as represented on appeal, Michael Haines, pro se, also is a defendant party of record. Mr. Haines, however, has submitted no brief, and expressed to this Court a desire not to participate in the appeal.

# OPINION

## Background

The community at the center of this case is Renegade Resort ("Renegade") in Cumberland County, Tennessee. While many Renegade property owners live in the community, others live elsewhere. Renegade includes around 1,300 lots and living units and around 530 property owners. Renegade was developed from 1968 to 1972 as a master planned community, featuring amenities like a guarded entrance and tennis courts. Moy Toy, LLC, a defendant in this case, bought tracts of land in Renegade in 2010. Much of the controversy in this case stems from opposition by some community members to certain development moves in the community and a belief that the community has fallen into a state of disrepair.

Certain of Plaintiffs called a meeting of the Renegade Community Club in September 2011. At this special meeting, new directors were elected by the membership. Defendants Michael McClung and Moy Toy, through counsel, tried to overtake the vote through proxy votes. Plaintiffs vigorously opposed these proxy votes, alleging that they were not in adherence with relevant by-laws and restrictions. In November 2011, certain Defendants called their own meeting of the Community Club. Defendants called into question the legitimacy of the "takeover" by Plaintiffs. Thus, the two competing Boards at Renegade vie for legitimacy.

In December 2011, Plaintiffs filed a complaint in the Trial Court in a bid to resolve the dispute. Plaintiffs filed amended complaints thereafter. Certain of Defendants filed their own suit, and the cases were consolidated. Plaintiffs sought to validate the election of officers at the September 2011 meeting. Plaintiffs also challenge the purported developer rights of Moy Toy. Additionally, Plaintiffs sought a finding of breach of fiduciary duty against the individual Defendants, except Darren Guettler. Overall, Plaintiffs alleged that the Community Club neglected its duties in the past and that Renegade suffered as a result. Rather than try to join each property owner individually, Plaintiffs attempted to certify the owners as a class through a motion to that end.

In September 2013, a hearing was held on the issue of class certification. At the hearing, John Moore ("Moore") testified as a representative Plaintiff. Moore's testimony was the only testimony presented on Plaintiffs' motion. Moore testified to his efforts to gather group names and addresses for potential class members. It was acknowledged that it is unclear exactly where everyone in the Renegade community stands in this dispute. There are at least two camps, possibly more, to say nothing of the indifferent community members. Defendants moved to dismiss the motion for class certification. The Trial Court denied

Plaintiffs' motion for class action certification and gave Plaintiffs 90 days to join indispensable parties. The Trial Court did, however, open an opportunity for Plaintiffs to present additional proof. The Trial Court stated: "Based on the proof here today, I don't believe the third and fourth elements of 23.01 [typicality and adequacy of representation] have been met, at least as of this time . . . Does that mean you can't do it later? It doesn't preclude you from doing that, but as of this time, it concludes that it is inadequate for the court to certify a class."

In an October 2013 order, the Trial Court denied class certification. The Trial Court stated, *inter alia*:

> Plaintiffs' request for class certification is denied. While Plaintiffs presented evidence of the elements set forth in Tennessee Rule of Civil Procedure 23.01(1)(2), Plaintiffs failed to submit a *prima facie* case on all of the elements so that the request for class certification was denied without Respondents having to place evidence in the record rebutting Plaintiffs' evidence.

Plaintiffs appealed the denial of class certification to this Court as allowed under Tenn. Code Ann. § 27-1-125.

## Discussion

Although not stated exactly as such, Plaintiffs raise the following issue on appeal: whether the Trial Court erred in denying Plaintiffs' motion for class certification on the basis of failure to prove typicality and adequacy of representation. Defendants raise the issue of whether this appeal is frivolous because it allegedly was taken solely for purposes of delay. Defendants also filed a motion to consider post-judgment facts.

This Court previously has articulated the standard of review for trial courts' grant or denial of class certification:

> A trial court's decision on class certification is entitled to deference. *See Meighan v. U.S. Sprint Commc'ns Co.,* 924 S.W.2d 632, 637 (Tenn. 1996). The grant or denial of class certification is discretionary, and the court's decision will stand absent abuse of that discretion. *Id.* (citing *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988)). The abuse of discretion standard typically applies when a choice exists in the trial court among several acceptable alternatives. *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010) ( citing *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 708 (Tenn. Ct. App. 1999)). Because the trial court is vested with the responsibility

to make that choice, a reviewing court cannot second-guess the lower court's judgment or merely substitute an alternative it finds preferable. *Id*. at 524 (citations omitted). A reviewing court must instead affirm the discretionary decision so long as reasonable legal minds can disagree about its correctness. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (citing *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000); *State v. Gilliland*, 22 S.W.3d 266, 273 (Tenn. 2000)). The same principles apply here; a trial court's certification decision must stand if reasonable judicial minds can differ about the soundness of its conclusion. *Freeman v. Blue Ridge Paper Prod., Inc.*, 229 S.W.3d 694, 703 (Tenn. Ct. App. 2007) (citing *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999)). "The abuse of discretion standard of review does not, however, immunize a lower court's decision from any meaningful appellate scrutiny." *Beecher*, 312 S.W.3d at 524 (citing *Boyd v. Comdata Network, Inc.*, 88 S.W.3d 203, 211 (Tenn. Ct. App. 2002)).

A trial court's discretion is not unbounded. *Cf. Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100, 101 S. Ct. 2193, 68 L.Ed.2d 693 (1981). A trial court must consider controlling legal principles and relevant facts when making a discretionary decision. *Beecher*, 312 S.W.3d at 524 (citing *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008); *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996)). A trial court abuses its discretion if it (1) applies an incorrect legal standard, (2) reaches an illogical or unreasonable decision, or (3) bases its decision on a clearly erroneous evaluation of the evidence. *Elliott v. Cobb,* 320 S.W.3d 246, 249-50 (Tenn. 2010) (citation omitted); *see also Walker v. Sunrise Pontiac-GMC Truck, Inc.*, 249 S.W.3d 301, 308 (Tenn. 2008) (citation omitted). Additionally, a trial court abuses its discretion if it "strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision." *Beecher*, 312 S.W.3d at 524 (citing *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn. 2007)).

Appellate courts review a trial court's discretionary decision to determine "(1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the lower court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the lower court's decision was within the range of acceptable alternative dispositions." *Id*. at 524-25 (citing *Flautt & Mann v. Council of Memphis*, 285 S.W.3d 856, 872-73 (Tenn. Ct. App. 2008)). We review the trial court's legal conclusions *de novo* with no presumption of correctness. *Id*. at 525 (citing *Johnson v. Nissan N. Am., Inc.*, 146 S.W.3d 600, 604 (Tenn. Ct.

App. 2004); *Boyd v. Comdata Network, Inc.*, 88 S.W.3d 203, 212 (Tenn. Ct. App. 2002)). We review the trial court's factual conclusions under the preponderance of the evidence standard. *Id.* (citations omitted).

***

Rule 23 of the Tennessee Rules of Civil Procedure governs class action certification. *Walker*, 249 S.W.3d at 307 (citing *Hamilton v. Gibson Cnty. Util. Dist.*, 845 S.W.2d 218, 225 (Tenn. Ct. App. 1992)). The burden is on the proponent of class certification to demonstrate that a class action is appropriate. *Id.* This burden is two-fold. The proponent must first satisfy the numerosity, commonality, typicality, and adequacy of representation requirements of Rule 23.01. *Id.* at 307-08 (citing Tenn. R. Civ. P. 23.01). Rule 23.01 permits class certification if

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Tenn. R. Civ. P. 23.01. The proponent of class certification must demonstrate compliance with each of Rule 23.01's requirements. *Walker*, 249 S.W.3d at 307-08.

The proponent must next establish the class action is maintainable under Rule 23.02. *Id* at 308. In contrast to Rule 23.01, the proponent of class certification must establish only one Rule 23.02 basis for the maintenance of a class action. *Id.* Rule 23.02 provides three bases for class action certification:

> (1) the prosecution of separate actions by or against individual members of the class would create a risk of
>
> > (a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

-5-

(b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interest; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the question of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action.

Tenn. R. Civ. P. 23.02. Class certification is permissible only if the proponent demonstrates compliance with both Rule 23.01 and Rule 23.02. *Freeman*, 229 S.W.3d at 702 (citing *Hamilton*, 845 S.W.2d at 225).

*Roberts v. McNeill*, No. W2010-01000-COA-R9-CV, 2011 WL 662648, at *3-5 (Tenn. Ct. App. Feb. 23, 2011), *no appl. perm. appeal filed*.

In this appeal, the relevant requirements of Rule 23.01 are typicality and adequacy of representation. This Court discussed these requirements as follows:

"[A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *Freeman*, 229 S.W.3d at 703 (quoting *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996)) (alteration in original) (citation omitted) (internal quotation marks omitted).

The typicality inquiry focuses on whether the legal and remedial theories of the class representatives are sufficiently similar to those of the unnamed class members. *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999) (citing *Lightbourn v. Cnty. of El Paso, Tex.*, 118 F.3d 421, 426 (5th Cir. 1997)); *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citations omitted).

"A necessary consequence of the typicality requirement is that the representative's interests will be aligned with those of the represented group, and in pursuing his own claims, the named plaintiff will also advance the interests of the class members." *In re Am. Med. Sys., Inc.*, 75 F.3d at 1082 (citing 1 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 3.13 (3d ed.1992)). "The typicality requirement reflects the belief that a class action's progress should not be compromised by a diversion of attention from the substance of the basic claim involved in the case ." *Bayberry Assocs. v. Jones*, 87-261-II, 1988 WL 137181, at *9 (Tenn. Ct. App. Nov. 9, 1988) (citation omitted), *vacated for lack of a final judgment*, 783 S.W.2d 553 (Tenn. 1990). "Its purpose, therefore, is to screen out class actions in which the legal or factual position of the representative party is markedly different from that of the other members of the class, even though common issues of law or fact may also be present." *Id*. (citations omitted).

The claims or defenses of a class representative are atypical if a defense unique to that person or a small subclass is likely to become a major focus of the litigation. *Koos v. First Nat. Bank of Peoria*, 496 F.2d 1162, 1164-65 (7th Cir. 1974) (citation omitted); *see also In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 599-601 (3d Cir. 2009); *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990) (citations omitted); *Rolex Emps. Ret. Trust v. Mentor Graphics Corp.*, 136 F.R.D. 658, 663-64 (D. Or. 1991) (citations omitted). Regardless of whether courts frame this issue in terms of typicality or adequacy of representation, the danger is that a class representative will not properly advance the interests of the absent class members if overly concerned with defenses or affirmative defenses unique to him. *Gary Plastic*, 903 F.2d at 180 (citations omitted); *see also Beck v. Maximus, Inc.*, 457 F.3d 291, 301 (3d Cir. 2006) ("A proposed class representative is neither typical nor adequate if the representative is subject to a unique defense that is likely to become a major focus of the litigation.").

*Roberts*, 2011 WL 662648, at *6 (footnotes omitted).

We first address whether the Trial Court erred in denying Plaintiffs' motion for class certification on the basis of failure to prove typicality and adequacy of representation. Among other things, Plaintiffs put forward the following in their brief on appeal:

> There needs to be a uniform decision as to which restrictions and which by-laws govern the community and which persons constitute the Board of Directors of the Community Club. Uniformity in decision through the vehicle of a class action will result in the interests of the entire community being bettered because everyone will know which rules are in effect, who is in charge, etc. as opposed to leaving that question up in the air or risking inconsistent judgments on important questions as to the community and its governance moving forward.

Defendants, on the other hand, argue the following:

> In the present consolidated matters, the Plaintiffs and Defendants in both actions are property owners in Renegade Resort whose claims are diametrically opposed to each other, and there are many other property owners aligned against the Plaintiffs. It defies logic to suggest that such property owners could be lumped into a class unified by similar claims and legal theories.

As Plaintiffs themselves acknowledge, this is an unusual set of facts for a class action case. The chief problem, as we see it, is the overwhelming antagonism amongst the proposed class. Given the limited proof presented to the Trial Court of at least two competing groups in the community and with little proof of the size and composition of these groups, we are skeptical that the requirements of typicality and adequacy of representation can be met under the limited evidence in the record before us. The Plaintiffs, after all, are taking positions directly contrary to some unknown number of the proposed class members. We understand Plaintiffs' frustration at the prospect of suing and serving potentially hundreds of people. Nevertheless, the requirements of Rule 23.01 must be satisfied. Plaintiffs argue that in the alternative, subclasses would be suitable for this case. Again, based upon the limited record on this issue, antagonism among proposed class members works to undermine the requirements of typicality and adequacy of representation. This is a case about a community divided, not a group of similarly situated people pursuing the same grievance.

The standard of review on this denial of class certification is abuse of discretion. We note that the Trial Court held a window open for Plaintiffs to present additional proof on the issues of typicality and adequacy of representation. For all the above

discussed reasons, particularly the inherent antagonism among the members of the proposed class, the Trial Court's decision to deny Plaintiffs' request for class certification defies neither logic nor reason. Likewise, we find that the Trial Court did not apply an incorrect legal standard, reach an illogical or unreasonable decision, or base its decision on a clearly erroneous evaluation of the evidence. While reasonable judicial minds perhaps could differ concerning the Trial Court's decision, the very essence of a discretionary decision, we are not at liberty to substitute what we may believe to be a preferable alternative decision. Under the evidence as contained in the record before us, we conclude that Plaintiffs have failed to show that the Trial Court abused its discretion in denying Plaintiffs' motion for class certification.

Defendants filed a motion on appeal to consider certain post-judgment facts. Defendants assert that a separate action has been filed by a group affiliated with Plaintiffs. Defendants state: "This separate action is evidence of the frivolity of this appeal . . . Plaintiffs continue to benefit from the delay by improperly representing . . . that they are the Board of Directors when they are not, and to improperly collect assessments . . . ." We do not believe this development has any bearing on the positions of the parties in this lawsuit. We, therefore, deny Defendants' motion to consider post-judgment facts. We note, however, that the inclusion of these facts in our consideration would not have altered the outcome of this appeal in any way as to any issue before us.

The final issue we address is whether this appeal is frivolous because it allegedly was taken solely for purposes of delay. Our Supreme Court has stated: "[I]mposing a penalty for a frivolous appeal is a remedy which is to be used only in obvious cases of frivolity and should not be asserted lightly or granted unless clearly applicable—which is rare." *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 342 (Tenn. 2010). While Defendants prevailed, the issue raised by Plaintiffs clearly was not devoid of merit. We, therefore, decline Defendants' request to find this appeal frivolous.

### Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellants, Gary Haiser, Joel Matchak, John Moore, Gerald Nugent, and Renegade Mountain Community Club, Inc, and their surety, if any.

_____
D. MICHAEL SWINEY, JUDGE