Kennedy, J.,
dissenting.
{¶ 33} Respectfully, I dissent. Civ.R. 23 does not require a trial court to recite talismanic words when certifying a class action. Nor is there any case authority imposing such a requirement on the trial court. The trial court is, however, required to “undertake a rigorous analysis” that may include probing the merits of the claim before it certifies a class action. Stammco, L.L.C. v. United Tel. Co. of Ohio, 136 Ohio St.3d 231, 2013-Ohio-3019, 994 N.E.2d 408, ¶ 44.
{¶ 34} The trial court specifically held in its order certifying the class that “[i]n its Summary Judgment Order, this Court has already ruled that there are no unique defenses to the claims of the named class members.” By explicitly referring to the summary-judgment order, the trial court indicated that within its analysis of the issues before certifying the class under Civ.R. 23, it had rejected the city of Cleveland’s defenses of res judicata and mistake of law. Moreover, unlike the majority’s interpretation, a plain reading of the proposition of law presented in this appeal asserts that res judicata bars individuals who received a civil citation and declined to avail themselves of the civil-administrative-appeal remedy from serving as representatives for the certified class. Therefore, I would hold that the Eighth District Court of Appeals did not err in addressing the question of res judicata and that this court should address the substance of this appeal.
{¶ 35} In order for the majority to hold that the trial court did not address the defense of res judicata in its class-certification order and that there was no final, appealable order addressing res judicata, it must presume that the trial court did not conduct the rigorous analysis required by law for certifying a class. Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 131 S.Ct. 2541, 2551-2552, 180 L.Ed.2d 374 (2011). But a trial judge is presumed to know and follow the law. See Woodford v. Visciotti, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002).
{¶ 36} Civ.R. 23 governs the certification of a class-action lawsuit. A trial judge must make seven affirmative findings prior to certifying a class action. Warner v. Waste Mgt., Inc., 36 Ohio St.3d 91, 94, 521 N.E.2d 1091 (1988). One prerequisite set forth in Civ.R. 23(A)(3) is typicality, that is, that “the claims or defenses of the representative parties are typical of the claims or defenses of the class.” See generally Baughman v. State Farm Mut. Auto. Ins. Co., 88 Ohio *40 St.3d 480, 484, 727 N.E.2d 1265 (2000). Typicality has been found to have been satisfied “where there is no express conflict between the representatives and the class.” Warner at paragraph four of the syllabus.
{¶ 37} This court has long held that because Civ.R. 23 is identical to the federal class-action rule, “federal authority is an appropriate aid to interpretation of the Ohio rule.” Marks v. C.P. Chem. Co., Inc., 31 Ohio St.3d 200, 201, 509 N.E.2d 1249 (1987). In considering the issue of typicality, the Third Circuit Court of Appeals stated, “A proposed class representative is neither typical nor adequate if the representative is subject to a unique defense that is likely to become a major focus of the litigation.” Beck v. Maximus, Inc., 457 F.3d 291, 301 (3d Cir.2006). When reviewing a class certification, the trial court should focus on “the similarity of the legal theory and legal claims; the similarity of the individual circumstances on which those theories and claims are based; and the extent to which the proposed representative may face significant unique or atypical defenses to her claims.” In re Schering Plough Corp. ERISA Litigation, 589 F.3d 585, 597-598 (3d Cir.2009). Other federal circuit courts have similarly emphasized this concern. See, e.g., Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 903 F.2d 176, 180 (2d Cir.1990) (“there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it”); Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir.1992) (same); J.H. Cohn & Co. v. Am. Appraisal Assocs., Inc., 628 F.2d 994, 999 (7th Cir.1980) (“the presence of even an arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class * * *. The fear is that the named plaintiff will become distracted by the presence of a possible defense applicable only to him so that the representation of the rest of the class will suffer”). When certifying this case as a class action, it was appropriate and necessary for the trial court to consider whether the defense of res judicata was unique to the named representatives of the class and whether the defense barred appellees from serving as the representatives for the class.
{¶ 38} The trial court stated that the class to be certified was “[a]ll persons and entities who were not a ‘vehicle owner’ under CCO 413.031, but were issued a notice of citation and/or [assessed] a fine under that ordinance, prior to March 11, 2009, by/or on behalf of Defendant, City of Cleveland.” As defined, the class includes individuals who challenged a ticket under the city’s administrative-appeal process. But all the named class representatives had paid their tickets before the class action was filed and did not avail themselves of the administrative-appeal process to challenge the validity of the tickets.
{¶ 39} This distinction between other members of the defined class and the named class representatives calls into question the issue of typicality. Since all *41 the named class representatives failed to avail themselves of the administrative-appeal process and the class as defined might have included members who had appealed, the claims of the named class representatives might have been defeated by the defense of res judicata, while the claims of other members of the class might not have been defeated by that defense.
{¶ 40} When the class was certified, the trial court stated that “[i]n its Summary Judgment Order, this Court has already ruled that there are no unique defenses to the claims of the named class members.” By explicitly referring to the summary-judgment order in the order certifying the class action, the trial court indicated that it had considered the defenses raised by the city in response to the motion for partial summary judgment within the analysis of the typicality prerequisite of Civ.R. 23.
{¶ 41} In its November 21, 2012 reply brief in support of its own motion for summary judgment, the city argued that res judicata and mistake of law were defenses to the claims brought by the named class representatives. In granting the motion for partial summary judgment, the trial court issued a one-sentence order. While the order did not contain any findings of fact or conclusions of law, a logical conclusion is that the trial court rejected both of the city’s defenses.
{¶ 42} The majority opinion asserts that “it would be highly speculative to construe the class-certification order as an implicit ruling on res judicata” because the city had not argued that the action was precluded by res judicata in either the memorandum opposing class certification or at the class-certification hearing. Majority opinion at ¶ 25. However, the record contradicts the majority’s position.
{¶ 43} In its memorandum in opposition to the certification of the class, the city did argue that it was problematic for individuals who had paid their fines without availing themselves of the administrative-appeal process to serve as class representatives. The city argued: “All Plaintiffs, including Lycan, lack standing because each and every one of them admitted the violation by payment and/or not appealing the violation notice.” Although it labeled its argument as a standing argument, it correctly asserted the reasoning that applies to other defenses that destroy typicality. The city cited E. Texas Motor Freight Sys. Inc. v. Rodriguez, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977), which analyzed whether the named plaintiffs were members of the class they claimed to represent, for the proposition that the “class representative must be part of the class and ‘possess the same interest and suffer the same injury’ as the class members.” Id. at 403, quoting Schlesinger v. Reservists Commt. to Stop the War, 418 U.S. 208, 216, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974). This reasoning mimics the same concern courts have had when analyzing whether a defense unique to the named representatives negates typicality. See In re Schering Plough, 589 F.3d at 598 (the *42 representatives’ interests might not be aligned with those of the class). Implicit in the city’s standing argument is that its defense of res judicata prevented the named class representatives from satisfying typicality. “When an issue of law that was not argued below is implicit in another issue that was argued and is presented by an appeal, we may consider and resolve that implicit issue.” Belvedere Condominium Unit Owners’ Assn. v. R.E. Roark Cos., Inc., 67 Ohio St.3d 274, 279, 617 N.E.2d 1075 (1993).
{¶ 44} Moreover, while discussing typicality during the class-certification hearing, counsel for the named class representatives recognized that the trial court’s ruling on summary judgment had answered the question whether there were any defenses unique to those representatives: “[Tjhere’s no unique defenses, the claim is the named class and the summary judgment has always [sic] been granted.” The majority further concludes that the city was required to argue a futile position. Since the trial court’s granting of the motion for partial summary judgment was acknowledged in the class-certification hearing, the city was not required to reargue a settled issue.
{¶ 45} Finally, the majority opinion asserts that the city did not present a proposition of law challenging the trial court’s certification of the class. The only proposition of law presented by the city states:
Individuals who receive a civil citation issued pursuant to a local ordinance and who knowingly decline to take advantage of an available adequate remedy at law are precluded by res judicata from subsequently acting as class representatives and presenting equitable claims predicated in unjust enrichment.
(Emphasis added.) See 139 Ohio St.3d 1416, 2014-Ohio-2487,10 N.E.3d 737. The gravamen of the proposition of law revolves around whether the application of the defense of res judicata bars the class representatives from serving the class as certified.
{¶ 46} For the foregoing reasons, I would hold that by referring to the summary-judgment order, the certification order rejected the city’s defenses of res judicata and mistake of law, because the certification order could be issued only after a rigorous analysis of the prerequisite of typicality. Moreover, the proposition of law presented in this appeal asserts that res judicata bars individuals who received a civil citation and declined to avail themselves of the civil-administrative-appeal remedy from serving as representatives for the certified class. Therefore, I would hold that the Eighth District did not err in *43 addressing the question of res judicata and that this court should address the substance of this appeal.
Bashein & Bashein Co., L.P.A., and W. Craig Bashein; Paul W. Flowers Co., L.P.A., Paul W. Flowers, and Justin D. Care; and The Dickson Firm, L.L.C., and Blake A. Dickson, for appellees.
Barbara A. Langhenry, Cleveland Director of Law, and Gary S. Singletary, Assistant Director of Law, for appellant.
Mayle, Ray & Mayle, L.L.C., Andrew R. Mayle, Jeremiah S. Ray, and Ronald J. Mayle; and Murray & Murray Co., L.P.A., and John T. Murray, urging affirmance for amici curiae Bradley L. Walker and Sam Jodka.
Michael K. Allen & Associates and Joshua Adam Engel; Markovits, Stock & DeMarco, L.L.C., and Paul M. De Marco; and Rittgers & Rittgers and Charles H. Rittgers, urging affirmance for amicus curiae Michael K. Allen.
Frost Brown Todd, L.L.C., Philip K. Hartmann, Stephen J. Smith, and Yazan S. Ashrawi; and Ohio Municipal League and John Gotherman, urging reversal for amicus curiae Ohio Municipal League.
Adam W. Loukx, Toledo Director of Law, and Eileen Granata, urging reversal for city of Toledo.
Bricker & Eckler, L.L.P., Quintín F. Lindsmith, James P. Schuck, and Sommer L. Sheely, urging reversal for amicus curiae Redflex Traffic Systems, Inc.
Baker & Hostetler, L.L.P., Gregory V. Mersol, and Chris Bator, urging reversal for amicus curiae Xerox State & Local Solutions, Inc.
Mannion & Gray Co., L.P.A., Judd R. Uhl, and Katherine L. Kennedy, urging reversal for village of Elmwood Place.
{¶ 47} Accordingly, I respectfully dissent.
LanzingeR, J., concurs in the foregoing opinion.