NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 24 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SELENA MOORER; et al., | No.  19-56500 |
| Plaintiffs-Appellees, | D.C. No.<br>3:16-cv-02816-AJB-AHG |
| v. | |
| STEMGENEX MEDICAL GROUP, INC., a<br>California Corporation; et al., | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted November 10, 2020
Pasadena, California

Before:  PARKER,** CHRISTEN, and WATFORD, Circuit Judges.

The district court certified two subclasses, consisting of StemGenex

customers who "visit[ed] www.stemgenex.com when the website contained Patient

Satisfaction Ratings and/or . . . receiv[ed] an email from StemGenex with Patient

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Barrington D. Parker, Jr., United States Circuit Judge
for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Satisfaction Ratings," before and after the addition of a disclaimer. We hold that the subclass definitions must be modified to limit the class to those who actually saw the Patient Satisfaction Ratings (PSRs), but that the district court's certification order was otherwise proper.

1. The district court correctly held that Rule 23(a)'s commonality requirement was satisfied. Fed. R. Civ. P. 23(a)(2). There are at least two common questions: (1) whether StemGenex misrepresented the PSRs, and (2) whether the misrepresentation was likely to deceive a reasonable consumer. The answers to those questions would "resolve an issue that is central to . . . the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The district court correctly concluded that the claims arise from a uniform misrepresentation: Throughout the class period, the PSRs consistently represented that 100 percent of StemGenex's patients reported that the overall experience met or exceeded their expectations.

2. The district court also properly held that Rule 23(a)'s typicality requirement was met. Fed. R. Civ. P. 23(a)(3). The named plaintiffs' claims arise from the same injury, based on the same legal theory, as the claims of the rest of the class. Neither Jennifer Brewer's nor Alexandra Gardner's circumstances render them vulnerable to "unique defenses which threaten to become the focus of the litigation." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)

(quoting *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990)).

3.   As to the requirements of Rule 23(b)(3), the district court correctly held that predominance was satisfied.  Fed. R. Civ. P. 23(b)(3).  Common questions as to whether the PSRs were a material misrepresentation predominate over any individualized issues.  Significantly, the California consumer protection statutes rely on an objective test that asks whether members of the public are likely to be deceived, obviating the need for inquiry into each class member's circumstances. *In re Tobacco II Cases*, 207 P.3d 20, 29 (Cal. 2009).  Moreover, these statutes allow plaintiffs to establish reliance and causation by showing that the class was exposed to a material misrepresentation.  *Id.* at 39.  The district court properly admitted Dr. Kamins's expert testimony for purposes of establishing the materiality of the PSRs.  Thus, the individualized factors that went into class members' decisions to undergo stem cell therapy are largely irrelevant.

The defendants' argument that predominance fails because damages cannot be measured on a classwide basis is without merit.  With the revisions required by the district court, Dr. Stewart's model is sufficiently tied to the alleged misrepresentation and theory of injury to satisfy the standard set out in *Comcast Corp. v. Behrend*, 569 U.S. 27, 34–35 (2013).

4.   The district court did not err in certifying a nationwide class.  The

plaintiffs met their initial burden of showing that California has a "significant contact or significant aggregation of contacts" to the claims of each class member. *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012) (quoting *Wash. Mut. Bank v. Superior Ct.*, 15 P.3d 1071, 1080 (Cal. 2001)). StemGenex is headquartered in California, it produced all of the alleged misrepresentations in California, and all but 78 of 1,415 patients were treated in California. Defendants have made no argument as to why another state's law, rather than California law, should apply.

**5.** The classes as currently defined, however, are overbroad. The district court stated that it intended to certify subclasses of StemGenex customers who saw the PSRs. But the subclass definitions include anyone who visited the website when it contained the PSRs or who received an email with the PSRs. It is possible that someone who visited the website failed to scroll down the homepage to view the PSRs; the same is true of the emails. A class that includes those who never saw the alleged misrepresentation is overbroad because those persons were, by definition, not injured and cannot recover. *Sevidal v. Target Corp.*, 189 Cal. App. 4th 905, 925–26 (2010). Thus, on remand, the district court should conform the subclass definitions to the descriptions it provided earlier in the order: Subclass A as those who saw the PSRs without the disclaimer and Subclass B as those persons who saw the PSRs with the disclaimer.

**VACATED and REMANDED.**

The parties shall bear their own costs.